IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**JIMMY HANEY,** *et al.*                                                                 **PLAINTIFFS**

VS.                                         No. 3:24-CV-00027 BRW

**VALLEY VIEW AGRI LLC**                                                         **DEFENDANT**

## ORDER

Pending is Defendant's Motion to Dismiss (Doc. No. 35). Plaintiff has responded.[1] For the reasons stated below, Defendant's motion is GRANTED.

### I.   BACKGROUND[2]

On February 12, 2024, this case was transferred to the Eastern District of Arkansas from the Northern District of Mississippi. On March 14, 2024, Defendant Valley View Agri, LLC, ("VVA"), filed a Motion to Dismiss.[3]

On or about December 21, 2020, Plaintiffs and Defendant entered a contract for repair work of four existing, but leaking, 48' diameter grain bins. According to the specific terms of the contract, Defendant was to: (1) remove the eave access, inside the ladder, door and floor supports, sweep, unload, and fan and transition; (2) jack down the bins; (3) replace the wall sheets and side well hardware the bins; (4) reinstall, re-anchor, and reseal the bins; and (5) reinstall the existing eave access, inside ladder, floor and supports, sweep, unload, and fan transition on the bins. Plaintiffs allege that after Defendant finished the work on the grain bins, the bins immediately started to leak, damaging the grain inside, and resulting in lost profits.

---

[1] Doc. Nos. 37 and 38.

[2] Unless otherwise noted, the Background information is from the Amended Complaint and Defendant's Memorandum in Support of the Motion to Dismiss (Doc. Nos. 4 and 36).

[3] Doc. No. 4.

Plaintiffs' Amended Complaint alleges breach of implied warranty of construction in a workman like manner; breach of express warranty; breach of implied warranty for fitness of purpose; and negligent construction and improvement to real property.

Defendant contends the Amended Complaint should be dismissed because the contract specifically contained an express warranty that the grain bins were "not designed by the manufacturer to be airtight or moisture-proof" and disclaimed any liability for commodity damage resulting from moisture intrusion.

## II.   APPLICABLE LAW

To survive a motion to dismiss, a complaint must allege sufficient facts such that, when accepted as true, a facially plausible claim to relief is stated.[4] If a complaint fails to state a claim on which relief can be granted, dismissal is warranted.[5] When determining whether a complaint states a facially plausible claim, a district court accepts the factual allegations in the complaint as true and draws all reasonable inferences in Plaintiff's favor.[6] Factual allegations must "raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face."[7] Mere "labels and conclusions" are insufficient, as is a "formulaic recitation of the elements of a cause of action."[8] Legal conclusions couched as factual allegations may be disregarded.[9]

---

[4] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[5] Fed. R. Civ. P. 12(b)(6).

[6] *Blakenship v. USA Truck, Inc.*, 601 F.3d 852, 853 (8th Cir. 2010).

[7] *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555, 570 (2007).

[8] *Id.* at 555.

[9] See *Iqbal*, 556 U.S. at 679.

**III.     DISCUSSION**

Plaintiffs allege Defendant breached the implied warranty of construction in a workmanlike manner, and the implied warranty of fitness for a particular purpose. Arkansas law regarding the implied warranty for fitness for particular purpose states,[10]

> Where the seller at the time of contracting has a reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is unless excluded or modified under the next section an implied warranty that the goods shall be fit for such purpose.[11]

Plaintiffs argue that they relied on Defendant's expertise to cure their issue with moisture in each of the grain bins. They allege Defendant breached the implied warranty for fitness for particular purpose when it did not cure the moisture issue in the bins. The implied warranty for fitness for a particular purpose applies "unless excluded or modified . . . ."[12] Here, it was expressly modified[13] by the following: "Grain storage systems are not designed by their manufacturers to be airtight or moisture-proof.  While VVA will take all reasonable efforts to complete the work in such a manner as to reduce the risk of moisture intrusion, it is not responsible for commodity damage resulting from moisture intrusion."[14]  This language appears directly below another section of the contract where the parties modified the term of the express warranty from one year

---

[10] Ark. Code Ann. § 4-2-315. Implied warranty—Fitness for a particular purpose.

[11] Ark. Code Ann. § 4-2-315.

[12] *Id*.

[13] Ark. Code Ann. § 4-2-316 (1) ("Words or conduct relevant to the creation of an express warranty and words or conduct tending to negate or limit warranty shall be construed wherever reasonable as consistent with each other; but subject to the provisions of this chapter on parole or extrinsic evidence (§ 4-2-202) negation or limitation is inoperative to the extent that such construction is unreasonable.").

[14] Doc. No. 4-1.

to two years, so it should have been obvious to Plaintiffs. "Where a contract contains an express warranty on the subject of an asserted implied warranty, the former is exclusive and there is no implied warranty on that subject."[15] The Arkansas Supreme Court noted that the "concept of express warranty should be analyzed to see if it embodies all of the elements of a disclaimer."[16] The focus of the inquiry is "the disclaimer's conspicuousness, detail, and reasonableness . . . ." Here, the express warranty was conspicuous, detailed, and gave a disclaimer regarding the inability of the grain bins (even after reconstruction by Defendants) to be completely moisture free. Defendant specifically provided that the products to be used for the repairs were not designed to ensure there is no moisture intrusion in the bins. Their allegations cannot establish a breach to either the implied warranty of construction in a workmanlike manner or the implied warranty of fitness for a particular purpose.

Plaintiffs do not allege what action or inaction by Defendant demonstrate unreasonableness. "Contractors are held to both the standard of care of the contracting industry as well as the standard of care of a reasonably prudent person; the standard of care for the industry is that degree of skill and care ordinarily possessed and used by contractors doing work similar to that shown by the evidence."[17] There are no allegations as to what "reasonable" efforts were deficient resulting in a breach.

Plaintiffs assert that they were told by Defendant "the only way to correct the leaks of the current grain bins was to completely replace the sidewalls with new materials [and] repair the

---

[15] *Carter v. Quick*, 563 S.W. 2d. 461 (1978).

[16] *Wingfield, et al v. Page, et al*, 644 S.W.2d 940 (1983).

[17] *First United Methodist Church of Ozark v. Harness Roofing, Inc.*, 474 S.W.3d 892 (2015).

roof . . . ."[18] That may be true, but roof work is not mentioned in the contract, so Defendant did not contract to fix the roof.  Plaintiffs also take issue with Defendant's argument that it did not agree to "construct" the bins and points out that a section of the contract mentions "Millwright and Construction Work."[19] However, this section appears as a generic listing regarding payment schedule. Notably, it also mentions "concrete work" despite no concrete work being performed. Clearly, Defendant contracted to perform only millwright work, and listed the specific tasks that would be performed.

Plaintiffs allege Defendant performed negligent construction and improvement to real property. To support this claim, Plaintiff must show "[t]hat he sustained damages, that the defendants were negligent, and that such negligence was a proximate cause of his damages."[20] "Negligence is the failure to do something which a reasonably careful person would do, or the doing of something which a reasonably careful person would not do."[21] In construction, contractors "are each held to both the standard of care of the contracting industry as well as to the standard of care of a reasonably prudent person."[22] Plaintiffs allege Defendant "fail[ed] to perform its construction work with the care and skill of a reasonable contractor and breached this duty by failing to perform its construction work to prevent the leaking of water into the grain bins."[23] However, as previously discussed, the contract had an express warranty that disclaimed

---

[18] Doc. No. 38.

[19] Doc. No. 6-1.

[20] *Mangrum v. Pigue*, 198 S.W.3d 496 (Ark. 2004).

[21] *City of Caddo Valley v. George*, 9 S.W. 3d 481 (2000).

[22] *First United Methodist v. Harness Roofing*, 474 S.W.3d 892 (Ark App. 2015).

[23] Doc. No. 38.

any guarantee of the grain bins being moisture free. Plaintiffs' conclusory allegations do not support a claim that Defendant failed to perform to the standard of care used in the construction of the bins by a similarly skilled contractor, or to the standard of care of a reasonably prudent person.

Accordingly, Defendants' Motion to Dismiss (Doc. No. 35) is GRANTED.  This case is DISMISSED.

IT IS SO ORDERED this 1st day of May, 2024.

                                                                                         BILLY ROY WILSON
                                                              UNITED STATES DISTRICT JUDGE